William D. WICKLINE, Jr., Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

Civil Action No. 92–1189 SSH.

United States District Court,
District of Columbia.

March 18, 1996.

William S. Lazarow, Dale A. Baich, Ohio Public Defender Commission, Columbus, OH, for Plaintiff.

Anne D. Work, Office of Information & Privacy, Washington, DC, for Defendants.

**2**

### MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

Plaintiff commenced this Freedom of Information Act (FOIA) action in 1992, seeking documents from the Federal Bureau of Investigation (FBI) pertaining to himself. Little remains at issue at this stage of the case. In a September 1994 Opinion, this Court granted in part defendants' motion for summary judgment with respect to documents released in redacted form; with respect to documents withheld in their entirety, however, the Court remanded to defendants "to disclose all reasonably segregable material, or to provide further justification with respect to why any non-exempt material cannot be segregated." *Wickline v. FBI*, Civil Action No. 92–1189, 1994 WL 549756 (D.D.C. Sept. 30, 1994) (hereinafter *"Wickline I"*).

On November 17, 1994, the parties filed an agreement narrowing the withheld pages still at issue to 129 pages, represented by 30 Deleted Page Sheets (DPS's). On February 2, 1995, defendants filed a fourth *Vaughn* index, describing the content of the 129 pages withheld in their entirety and replaced with DPS's.[1] On April 14, 1995, plaintiff filed a response to the fourth *Vaughn* index, challenging only three of the 30 DPS's and defendants' reasons for withholding those documents. (In his response, plaintiff reserved his right to appeal the exemptions previously applied by defendants and upheld by the Court.) Defendants thereafter filed a motion for summary judgment regarding the three contested documents.

The three challenged documents were withheld pursuant to FOIA exemptions 7(C) and 7(D), 5 U.S.C. § 552(b)(7)(C), (7)(D) (Supp.1995). Exemption 7 permits the government to withhold information compiled for law enforcement purposes, if release of the materials would cause one of the harms enumerated in subsections (A) through (F) of exemption 7.[2] Under exemption 7(C), the government may withhold records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Under exemption 7(D), the government may withhold records if the records "could reasonably be expected to disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(D).

*Exemption 7(C)*

 In each of the three withheld documents, FBI agents interviewed individuals concerning not only plaintiff, but plaintiff's associates. In two of the three documents, the interviewees gave the interviewing agent personal data about themselves. *See* Moran Decl.Attachs. CI 183C–888–1A3 ¶ 2, CI 183C–888–79 ¶ 1. In addition, the interviewees in each of the three documents gave the interviewing agent detailed information pertaining solely to parties other than the plaintiff. *See* Moran Decl. ¶ 8 & Attachs. CI 183C–888–1A3 ¶ 2, CI 183C–888–79 ¶ 2, CI 183–888–109 ¶ 2. Disclosing personal data about interviewees or information about third parties other than the plaintiff would constitute a violation of those individuals' right to privacy, and no substantial public interest exists that would weigh in favor of disclosure. *See United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 765, 109 S.Ct. 1468, 1477–78, 103 L.Ed.2d 774 (1989); *The Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 893–94 (D.C.Cir. 1995); *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1205–06 (D.C.Cir.1991); *Wickline I*, 1994 WL 549756 at *3. The Court accordingly finds that defendants have properly invoked exemption 7(C) with respect to each of the three contested documents.

*Exemption 7(D)*

 In each of the three DPS's still at issue, the government states in its descrip-

---

1. The fourth *Vaughn* index, submitted pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), consists of a declaration by Robert A. Moran, Special Agent, Freedom of Information–Privacy Acts Section, Information Resources Division, FBI Headquarters, providing further explanation and justification for withholding the 129 pages in their entirety.

2. The Court has previously held that the records at issue "clear[ly] ... were compiled for law enforcement purposes." *Wickline I*, 1994 WL 549756 at *2.

tion of the withheld documents that the person interviewed in the documents gave information to the FBI under an "implied assurance" (or, in one document, an "implied understanding") of confidentiality. *See* Defs.' Supp.Mot. for Summ.J., Third Declaration of Karlton Bolthouse ("Bolthouse III"), filed Oct. 7, 1993; Moran Decl.Attachs. CI 183C–888–1A3, CI 183C–888–79, CI 183–888–109. As the Supreme Court held in *Department of Justice v. Landano*, 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993), a source need not be given an express assurance of confidentiality to fall within the protections of exemption 7(D); there are "generic circumstances in which an implied assurance of confidentiality fairly can be inferred." *Landano*, 508 U.S. at 179, 113 S.Ct. at 2023. "The character of the crime and the source's relation to the crime are relevant factors in determining whether a source spoke to the FBI with an understanding that his cooperation would remain confidential." *Williams v. FBI*, 69 F.3d 1155, 1159 (D.C.Cir.1995) (citing *Landano*, 508 U.S. at 178–80, 113 S.Ct. at 2023).

Plaintiff has been indicted in and convicted of the dismemberment murders of at least two people, and he was charged with the murder of a third. In addition, plaintiff has been investigated with respect to his possible involvement in other violent crimes, some of which were in support of the activities of organized criminal entities. Bolthouse III at ¶¶ 16–18. The descriptions in the first two DPS's at issue state that the persons interviewed provided such detailed information about plaintiff and his criminal activities that, "[i]f the plaintiff were made aware of the details set forth ... he would be able to identify the interviewee...." Moran Decl.Attachs. CI 183C–888–1A3, CI 183C–888–79. *See also* Bolthouse III, at ¶¶ 24–26 (noting, *inter alia*, that witnesses "would logically fear for their lives ... if they believed that the information furnished could be linked to them," and that such persons "would logically assume" that the agency receiving specific information about plaintiff would not release it).

The Court finds that, with respect to the first two DPS's, the government has shown with specificity that the interviewees had a sufficiently close relationship to plaintiff's crimes (and to plaintiff) to support an implied assurance of confidentiality, and that the government has properly invoked exemption 7(D) as a justification for withholding the documents in question in their entirety. *See Williams*, 69 F.3d at 1159; *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 492 (D.C.Cir.1980) (once it is established that the information at issue was furnished by a confidential source during the course of a legitimate criminal law investigation, "all such information received from the confidential source receives protection").

With respect to the third DPS, the Court finds that, while the government's description states that the interviewee provided information to the FBI with an "implied understanding of confidentiality," the third DPS falls wholly within exemption 7(C), not 7(D). The only reference to plaintiff in the third DPS is the statement that the interviewee "had met the plaintiff in Columbus, Ohio, on a couple occasions." Moran Decl.Attach. CI 183C–888–109. The interviewee "denied knowledge of plaintiff's criminal activities" and made no other mention of plaintiff during the interview. *Id.* Standing alone, the mere fact that the interviewee had met plaintiff once or twice would not serve to cast the interviewee as one who impliedly expected his interview to remain confidential (especially when the interviewee denied knowledge of plaintiff's violent crimes), and the document likely would not be exempt under 7(D). But the interviewee in the third document was interviewed primarily for information about third parties; for example, the interviewee "described the relationship between the plaintiff's associates and the interviewee, as well as described the last time plaintiff had seen those associates." Releasing this document—especially when the only statement regarding plaintiff was that the interviewee had met him once or twice—would violate other individuals' right to privacy; the document therefore properly falls within exemption 7(C).

Accordingly, because the Court finds that the first two documents at issue (represented by DPS's CI 183C–888–1A3 and CI 183C–888–79) are properly withheld in their entirety under exemptions 7(C) and 7(D), and because the Court finds that the third document (represented by DPS CI 183C–888–109) is properly withheld in its entirety under exemption 7(C), defendants' motion for summary judgment is granted.

SO ORDERED.